## GEORGE F. HARRINGTON *vs.* INHABITANTS OF LINCOLN.

A witness, on cross-examination by the plaintiff, answered in the negative the following question: "Did you not say to W. [another witness] after he had left the stand, that if you had been upon the stand in his place, when cross-examined by the defendant's counsel, you would have said something, even if it had been untrue." *Held*, that the plaintiff could not be allowed to contradict this answer by other evidence.

AT the trial, before *Thomas*, J. of an action of tort to recover damages for an injury occasioned by a defect in a highway, the defendants called Schuyler Parks as a witness, and examined him in relation to conversations of the plaintiff, and also to a conversation with Joel Wheeler, one of the witnesses called by the plaintiff, for the purpose of contradicting Wheeler's testimony.

Upon cross-examination, Parks was asked by the plaintiff this question: "Did you not say last night to Joel Wheeler, after he left the stand, that if you had been upon the stand, in his place, when cross-examined by the defendants' counsel, you would have said something, even if it had been a lie, or untrue, or words to that effect?" To this question Parks replied in the negative.

After the defendants had closed their case, the plaintiff recalled Wheeler, and asked him if Parks had the conversation with him, which was referred to in the above question. To this the defendants objected, but the judge overruled the objection, and Wheeler then testified, that as himself and Parks were leaving the court room the evening before, Parks said to him: "Why didn't you say something when Train asked you if you was going to sue the town? I would. I would have said something, if it wasn't the truth."

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions to the ruling of the judge.

*C. R. Train*, for the defendants. The question put to Parks did not relate to a fact material to the issue, but was collateral and irrelevant to the issue, and the answer was therefore conclusive. 1 Greenl. Ev. § 449 *& notes. Harris* v. *Tippett*, 2 Campb. 637. *Yewin's case*, 2 Campb. 638. *Tennant* v.

*Hamilton,* 7 Cl. & Fin. 122.   2 Cow. & Hill's Notes to Phil. Ev. (3d ed.) 715.   *Commonwealth* v. *Buzzell,* 16 Pick. 158. *Hathaway* v. *Crocker,* 7 Met. 266, and cases cited.

*B. F. Butler,* for the plaintiff.   The question sought to affect the credit of the witness, and was therefore material, and his answer might be controlled by other evidence.   *Regina* **v.** *Overton,* Car. & Marshm. 655.   If the answer was false, the witness could be indicted for perjury.   *Rex* v. *Greepe,* 2 Salk. 513.   The question was also admissible for the purpose of showing that the witness was corrupt, and would corrupt others. 1 Greenl. Ev. § 462.   Phil. & Amos on Ev. 928.

DEWEY, J.* The question put to the witness Parks by the plaintiff on cross-examination was as to a collateral matter. The witness Wheeler had already given his testimony, and had left the stand, and was retiring from the court house, when Parks is said to have had the conversation with him.   The language used by Parks, taking it most strongly, was only an expression of a loose and unwarrantable view of the duty of a witness, as to the manner of answering questions put to him while under examination.   It had no material bearing upon the question at issue before the jury, beyond that of disparaging Parks on that account.   It did not tend to show any partiality or bias on the part of Parks in favor of the defendant, or any attempt to influence or induce Wheeler to give false testimony favorable to the defendant.   Had it been of that character, it would have fully justified the calling of witnesses to prove such facts, and the plaintiff would not have been precluded from calling other witnesses to show such facts, by reason of his having first made the inquiry of Parks as to the same, and his having answered the inquiry in the negative. But as the question was merely a collateral inquiry, the answer to which would at most only operate to disparage the character of the witness as a man of correct moral views, the answer of the witness is to be taken to be true ; and the party proposing the question is not at liberty to call other witnesses to disprove the answers of the first witness, and to contradict his testimony.

*Exceptions sustained.*

---

\* THOMAS, J. did not sit in this case.